

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00392-CR
### NO. 02-14-00393-CR
### NO. 02-14-00394-CR

BROOKS L. BURTSON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1340778D, 1340779D, 1340780D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brooks L. Burtson appeals his conviction of possession of 28 grams or more but less than 200 grams of dihydrocodeinone with the intent to deliver, a second-degree felony enhanced with a prior felony drug conviction, in cause number 02-14-00392-CR; his conviction of possession of one gram or

---

[1]See Tex. R. App. P. 47.4.

more but less than four grams of cocaine with the intent to deliver, a second-degree felony enhanced with a prior felony drug conviction, in cause number 02-14-00393-CR; and his conviction of possession of four grams or more but less than 200 grams of methamphetamine with the intent to deliver, a first-degree felony, in cause number 02-14-00394-CR.[2]  *See* Tex. Health & Safety Code Ann. §§ 481.112(c), (d), .114(c) (West 2010).  Burtson pleaded guilty to these three offenses and true to the enhancement allegations in cause numbers 02-14-00392-CR and 02-14-00393-CR in exchange for ten years' confinement in each case, to be served concurrently.[3]  The trial court certified that Burtson had the right to appeal those matters raised by written motion filed and ruled on before trial and not withdrawn or waived.  *See* Tex. R. App. P. 25.2(a)(2)(A).

Burtson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion in each case.  Counsel's brief and motion in each case meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  Burtson

---

[2]The judgment of conviction in cause number 02-14-00394-CR reflects that the habitual-offender notice for this offense was waived before Burtson's plea.

[3]The punishment range for the two second-degree felonies, enhanced by Burtson's prior felony conviction, would have otherwise been the same as for the first-degree felony offense:  confinement from 5 to 99 years or life.  *See* Tex. Penal Code Ann. §§ 12.32–.33 (West 2011), § 12.42(b) (West Supp. 2014).

had the opportunity to file a pro se brief but has not done so.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/  Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015

3